**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------X

DANIEL NAJERA GUEVARA, CARLOS O.
RAMIREZ, and ERNESTO ESPINDOLA, *individually*
*and on behalf of others similarly situated*,

                                        *Plaintiffs,*

                -against-

1317 RESTAURANT CO LLC (d/b/a FRATELLI
PIZZA & WINE BAR), JONATHAN BASH, and
MARK BASH,

                                        *Defendants*.

-----------------------------------------------------------------X

**Index No.  16-cv-9442-GBD**

**JOINT PRETRIAL**
**ORDER**

Hon. George B. Daniels, United States District Judge:

        The Plaintiffs and Defendants jointly propose the following statements, directions and

agreements as the Pretrial Order:

**i.      FULL CAPTION**

The caption is as above.

ii.     **TRIAL COUNSEL**

**Counsel for Plaintiffs**

Sara Isaacson, Esq.
Colin Mulholland, Esq.
Joshua Androphy, Esq.
Shawn Clark, Esq.
Michael Faillace & Associates, PC
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone:  (212) 317-1200
Fax:  (212) 317-1620
Email: sisaacson@faillacelaw.com

**Counsel for Defendants**

Lawrence Figowe Morrison, Esq.
Morris Tenebaum, PLLC
87 Walker Street, Floor 2
New York, NY 10013
(212) 620-0938
Email: morrlaw@aol.com

iii.    **SUBJECT MATTER JURISDICTION**

*Plaintiffs' Statement*

Plaintiffs brought this case alleging subject matter jurisdiction pursuant to 29 U.S.C. § 216(b)
(FLSA), 28 U.S.C. §1337 (interstate commerce) and 28 U.S.C. § 1331 (federal question).
Supplemental jurisdiction over Plaintiffs' state law claims is conferred by 28 U.S.C. § 1367(a).

iv.     **BRIEF STATEMENT OF EACH CLAIM AND DEFENSE**

*Plaintiffs' Claims*

This is an action for money damages brought by Plaintiffs alleging violations of the Fair
Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), violations of the N.Y. Lab. Law
§§ 190 *et seq.* and 650 *et seq.* (the "NYLL"), and the 'spread of hours' and overtime wage orders
of the New York Commission of Labor codified at N.Y. Comp. Codes R. & Regs. tit. 12, § 146-
1.6.  Plaintiffs assert the following claims, all of which remain to be tried.

1.   **Violation of the Minimum Wage Provisions of the FLSA.**  Plaintiffs allege that
Defendants were their employers and willfully failed to pay them the applicable hourly minimum
wage rate.  29 U.S.C. §§ 206, 216, 255(a).

**2.    Violation of the Overtime Provisions of the FLSA**.    Plaintiffs allege that Defendants were their employers and willfully failed to pay them the applicable overtime wage rate for all hours above 40 worked in a week.  29 U.S.C. §§ 207, 216, 255(a).

**3.    Violation of the New York Minimum Wage Provisions.**  Plaintiffs allege that Defendants were their employers and willfully failed to pay them the applicable hourly minimum wage rate.  NYLL §§ 652(1), 663.

**4.    Violation of the New York Overtime Provisions**.  Plaintiffs allege that Defendants were their employers and willfully failed to pay them the applicable overtime wage rate for all hours above 40 worked in a week.  NYLL §§ 190, *et seq.*; 12 NYCRR §146-1.4.

**5.    Violation of the Spread of Hours Wage Order of the New York Commissioner of Labor.**  Plaintiffs allege that Defendants were their employers and willfully failed to pay them an additional hour's pay for each day that the interval between the beginning and end of their workdays was more than ten hours.  12 NYCRR § 146-1.6.

**6.    Violation of the Notice and Recordkeeping Requirements of the New York Labor Law**.  Plaintiffs allege that Defendants failed to provide Plaintiffs with a written notice, in English and in Spanish (Plaintiffs' primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL § 195(1).

**7.   Violation of the Wage Statement Provisions of the New York Labor Law**.  Plaintiffs allege that Defendants did not provide them with a statement of wages with each payment, as required by NYLL § 195(3).

*Defendants' Claims*

1. Defendants allege that Plaintiffs were paid in compliance with all applicable federal and state laws.

**v.     WHETHER TRIAL IS TO A BENCH OR JURY TRIAL**

The case is to be tried by a jury.  The parties anticipate trial to take two to three days.

**vi.    TRIAL BY MAGISTRATE JUDGE**

The parties do not consent to trial of the case by a magistrate judge.

**vii.   JOINT STIPULATIONS OF FACT AND LAW**

The parties stipulate that the following facts are true and thus no proof is necessary. However, no concessions are made as to the materiality or relevance of these facts.

**JOINT STIPULATIONS OF FACT**

**1.**     Plaintiff Daniel Najera Guevara ("Plaintiff Guevara") filed the present action in the United Stated District Court for the Southern District of New York on December 7, 2016.

**2.**     On October 10, 2017, Plaintiffs filed an amended complaint, adding as plaintiffs Ernesto Espindola ("Plaintiff Espindola") and Carlos O. Ramirez ("Plaintiff Ramirez").

**3.**     Defendants 1317 Restaurant Co LLC, Jonathan Bash and Mark Bash (collectively, Defendants") operated an Italian restaurant located at 1317 First Avenue, New York, NY 10021, under the name "Fratelli Pizza & Wine Bar."

**4.**     Defendants were Plaintiffs' employers for purposes of the FLSA and NYLL.

4

5.      In each year from 2011 to 2017, Defendants, both individually and jointly, had gross annual volume of sales of not less than $500,000.

6.      Plaintiff Najera was employed by Defendants as a dishwasher, delivery work and porter.

7.      Plaintiff Najera was employed by Defendants from approximately August 2012 until on or about November 2016.

8.      Plaintiff Ramirez was employed by Defendants as a cook.

9.      Plaintiff Ramirez was employed by Defendants from approximately September 2011 until on or about December 2016.

10.     Plaintiff Espindola was employed by Defendants as a cook.

11.     Plaintiff Espindola was employed by Defendants from approximately April 2011 until on or about April 2017.

**JOINT STIPULATION OF LAW**

1. Both the FLSA and the NYLL define the term "employer" broadly for purposes of determining those who bear liability for unpaid wages. *Irizarry v. Catsimatidis*, 722 F.3d 99, 103 (2d Cir. 2013); *see* 29 U.S.C. § 203(d) (defining "employer" to include "any person acting directly or indirectly in the interest of an employer in relation to an employee"); N.Y. Lab. Law §§ 2(6), 651(6), 190(3); *see also Falk v. Brennan*, 414 U .S. 190, 195 (1973) (emphasizing "expansiveness" of the definition of employer under the FLSA).

2. Under both federal and New York state law, an employee must be paid a minimum wage. 29 U.S.C. § 206; N.Y. Lab. Law § 652.

3. Under the FLSA, the minimum wage rate since July 24, 2009 has been $7.25 per hour. 29 U.S.C. §206(a)(1).

4. From July 24, 2009 until December 30, 2013, the New York minimum wage rate was the same as the FLSA rate, $7.25.  N.Y.L.L. § 652.

5. On December 31, 2013, the New York minimum wage rate increased to $8.00 per hour. On December 31, 2014, the New York minimum wage rate increased to $8.75 per hour. On December 31, 2015, the New York minimum wage rate increased to $9.00 per hour.  On December 31, 2016, the New York minimum wage rate increased to $11.00 per hour. N.Y.L.L. § 652(2); 12 N.Y.C.R.R. § 146-1.2.

6. Under both federal and New York state law, an employee must be paid at the rate of one and one-half times the employee's regular hourly rate for each hour the employee works in excess of 40 hours in a given workweek.  29 U.S.C. § 207(2)(C); N.Y. Comp. Codes R. & Regs. tit. 12, § 146-1.4.

7.  Overtime pay under the FLSA is calculated by applying a multiplier of one and one half to an employee's "regular rate" of pay. 29 C.F.R. § 778.107; 29 U.S.C. § 207(a)(1).

8. The regular rate of pay "is determined by dividing his total remuneration for employment (except statutory exclusions) in any workweek by the total number of hours actually worked by him in that workweek for which such compensation was paid."  29 C.F.R. § 778.109; 29 U.S.C. § 207(e).

9. Where an employee receives a straight weekly salary, there is a rebuttable presumption under the FLSA that the salary covers 40 hours worked.  Therefore, to determine the regular rate, the weekly salary is divided by 40 hours.  *Guallpa v. NY Pro Signs Inc.*, Index No. 11-cv-3133(LGS), 2014 U.S. Dist. LEXIS 77033, *9-*10 (S.D.N.Y. May 27, 2014); *Moon v. Kwon*, 248 F.Supp.2d 201, 207-08 (S.D.N.Y. 2002); *Giles v. City of New York*, 41 F.Supp.2d 308, 317

6

(S.D.N.Y. 1999); *Berrios v. Nicholas Zito Racing Stable, Inc.*, 849 F.Supp.2d 372, 385 (E.D.N.Y. 2012).

10. Further, under the New York Hospitality Industry Wage Order the regular rate for a restaurant employee who is not paid on an hourly basis is determined by "dividing the employee's total weekly earnings, not including exclusions from the regular rate, by the lesser of 40 hours or the actual number of hours worked by that employee during the work week."  12 NYCRR §146-3.5.

11. An employee-plaintiff under the FLSA bears the burden of proving that she performed work for which she was not properly compensated.  *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946).  The employee's burden "is not high," and can be met "through estimates based on his own recollection." *Kuebel v. Black & Decker Inc*., 643 F.3d 352, 362 (2d Cir. 2011) (internal citations omitted).

12. Where an employer has failed to maintain accurate and complete records of the hours employees worked and the amounts they were paid, the plaintiff-employee need only to submit "sufficient evidence from which violations of the [FLSA] and the amount of an award may be reasonably inferred." *Reich v. S. New England Telecomms. Corp.*, 121 F.3d 58, 66 (2d Cir. 1997). The burden then shifts to the employer to come forward with any evidence to either show "the precise amount of work performed," or to "negative the reasonableness of the inference to be drawn from the employee's evidence." *Anderson*, 328 U.S. at 687-88. If the employer fails to produce such evidence, the court may award damages to the employee, even though the result be only approximate. *Id.* at 688.  In the absence of rebuttal by defendants, the employees' recollections and estimates of hours worked are presumed to be correct.  *Amaya v. Superior Tile & Granite Corp.*, 2012 U.S. Dist. LEXIS 5246, *19, 2012 WL 130425 (S.D.N.Y. Jan. 17, 2012); *Zhao v. East Harlem Laundromat, Inc*., 2010 U.S. Dist. LEXIS 121335, *15, 2010 WL 4628294 (S.D.N.Y. Oct.

8, 2010) (Report & Recommendation), *adopted in part by* 2010 U.S. Dist. LEXIS 121328, 2010 WL 4642459 (S.D.N.Y. Nov. 12, 2010).

13. Under the FLSA, employers are required to "make, keep, and preserve" records of their employees' "wages, hours, and other conditions and practices of employment." 29 U.S.C. § 211(c).

14. Under the FLSA, the statute of limitations applicable to claims for unpaid wages is two years, but is extended to three years if the violation is willful.  29 U.S.C. § 255(a).

15. Under the FLSA a violation is considered willful if "the employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited by statute." *Young v. Cooper Cameron Corp*., 586 F.3d 201, 207 (2d Cir 2009) (quoting *McLaughlin v. Richland Shoe Co*., 486 U.S. 128, 133 (1988)).

16. Under the FLSA, once liability is established the employee is entitled to recover all unpaid minimum and overtime wages, as well as "an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). "Liquidated damages are not a penalty exacted by the law, but rather compensation to the employee occasioned by the delay in receiving wages due caused by the employer's violation of the FLSA." *McLean v. Garage Mgmt. Corp.*, 2012 U.S. Dist. LEXIS 55425, *12, 2012 WL 1358739 (S.D.N.Y. April 19, 2012) (quoting *Herman v. RSR Sec. Services Ltd*., 172 F.3d 132, 142 (2d Cir. 1999)). The employer may escape liability for liquidated damages, if it can demonstrate that "it acted in subjective 'good faith' with objectively 'reasonable grounds' for believing that its acts or omissions did not violate the FLSA." *Barfield v. New York City Health and Hospitals Corp.,* 537 F.3d 132, 150 (2d Cir. 2008).  The employer must make establish its subject good faith and objective reasonableness by "plain and substantial evidence." *Solis v. Cindy's Total Care, Inc*., 2012 U.S. Dist. LEXIS 1808, *74, 2012 WL 28141 (S.D.N.Y. Jan. 5, 2012) (quoting *Moon v. Kwon*, 248 F.Supp.2d 201, 234 (S.D.N.Y. 2002).  "The employer bears

the burden of proving good faith and reasonableness, but the burden is a difficult one, with double damages being the norm and single damages the exception." *McLean*, 2012 U.S. Dist. LEXIS 55425, *13 (quoting *Herman*, 172 F.3d at 142). "To establish the requisite subjective good faith, an employer must show that it took active steps to ascertain the dictates of the FLSA and then act to comply with them." *Id.* (quoting *Barfield*, 537 F.3d at 150.

17. Under the NYLL, as under the FLSA, an employee is entitled to recover liquidated damages unless the employer can establish a good faith basis for having failed to pay the required wages. N.Y. Lab. Law § 198(1-a); *Hart v. Rick's Cabaret*, 2013 U.S. Dist. LEXIS 129130, *88-89, 2013 WL 4822199 (S.D.N.Y. Sept. 10, 2013).

18.    Under the NYLL, the Court must award prejudgment interest in addition to liquidated damages. NYLL §§198(1-a) ("In any action instituted in the courts upon a wage claim by an employee . . . in which the employee prevails, the court shall allow such employee to recover . . . prejudgment interest as required under the civil practice law and rules, and . . . an additional amount as liquidated damages . . ."); 663(1) (same).

19.    The New York prejudgment interest rate applies. *McLean*, 2012 U.S. Dist. LEXIS 55425 at *28.  Under N.Y. C.P.L.R. § 5004, prejudgment interest runs at the rate of nine percent (9%) per annum simple interest. *Id.*  As to the date from which interest is to be calculated, the statute states that "[w]here . . . damages were incurred at various times, interest [may] be computed . . . upon all of the damages from a single reasonable intermediate date." N.Y. C.P.L.R. § 5001(b). When claims that are reduced to judgment have arisen on different dates, the Court may compute prejudgment interest from an appropriate single median date. *See McLean*, 2012 U.S. Dist. LEXIS 55425 at *28 ("prejudgment interest on the plaintiffs' NYLL unpaid overtime wage damages shall be computed at a rate of nine (9) percent per annum from a single reasonable intermediate date").

23.     Separate from any other regular or overtime wages, when an employee works more than 10 hours on any given day, the employee is entitled to receive "spread of hours" pay, which is an additional one-hour's pay at the applicable minimum wage rate.  12 NYCRR § 142-2.4(a) (2009).

24.     Under the NYLL, employers must provide employees with wage and hour notices. NYLL §195(1)(a).  Specifically, the notices must inform the employee, in both English and the employee's primary language, of the rate of pay. Employees must be provided such notices at the time of hiring and on or before February first of each subsequent year of employment.  *Id.*  An employee who does not receive such notices can recover damages of $50 per day, up to a statutory maximum of $5,000.  NYLL §198(1-b).  The New York Labor Law, since April 9, 2011, has required employers to provide employees at the time of hiring, a written notice containing the following information: the rate or rates of pay and basis thereof,  whether  paid  by  the  hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances;  the  regular  pay  day  designated  by  the employer;  the  name  of  the  employer;  any  "doing business as"  names  used  by  the  employer; the physical address of the employer's main office or principal place of  business,  and  a  mailing address  if  different;  the  telephone number of the employer.  The notice must be provided in English and in the language identified by the employee as his primary language.

25.     The  employer  has  the  burden  of  proving  compliance  with  the  notification requirements of §195(1)(a).

26.     The NYLL also requires employers to provide wage statements with each payment of wages,  which  must  include,  among  other  things,  the  rate  of  pay  and  basis  thereof,  and "allowances, if any, claimed as part of the minimum wage."  NYLL §195(3).  The wage statement

must list the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked. An employee who does not receive such statements can recover $250 per day of violation, up to a maximum of $5,000. NYLL §198(1-d).

**viii.     WITNESS LIST**

**PLAINTIFFS' WITNESSES**

      **1.**      Daniel Najera Guevara: testimony in person. Will testify concerning the hours he worked for Defendants, the wages he was paid by Defendants and his job duties while employed by Defendants.

      **2.**      Carlos O. Ramirez: testimony in person. Will testify concerning the hours he worked for Defendants, the wages he was paid by Defendants and his job duties while employed by Defendants.

      **3.**      Ernesto Espindola: testimony in person. Will testify concerning the hours he worked for Defendants, the wages he was paid by Defendants and his job duties while employed by Defendants.

      Plaintiffs reserve the right to call records custodians, if necessary, to authenticate or otherwise lay the foundation for admission of any evidence identified for trial purposes. Plaintiffs reserve the right to call Defendants' witnesses in the event they do not choose to do so at trial.

Plaintiffs reserve the right to call additional witnesses to rebut defendants' witnesses' testimony, and to use deposition testimony in accordance with the Federal Rules of Evidence and Federal Rules of Civil Procedure.

Plaintiffs' witnesses will testify through a Spanish language interpreter.

**DEFENDANTS' WITNESSES**

1. Mark Bash- will testify as to good faith effort to pay employees in accordance with the law

2. Jonathan Bash- will testify as to good faith effort to pay employees in accordance with the law

**ix.     DEPOSITION DESIGNATIONS**

The parties do not intend to offer deposition testimony in place of live testimony at trial. The parties reserve the right to use deposition testimony for impeachment purposes.

**x.     EXHIBITS**

**EXHIBIT LIST**

Plaintiffs and Defendants reserve the right to offer additional exhibits, including but not limited to deposition testimony transcripts, for the purpose of impeachment.

Exhibits listed as P-x will be offered by Plaintiffs.  Exhibits listed as D-x will be offered by Defendants.

| Exhibit | Description | Objections |
|---------|-------------|------------|
| P-1 | Plaintiffs' Amended Complaint | |
| P-2 | Defendants' Responses and Objection to Plaintiffs' First Set of Interrogatories and Document Requests | |
| P-3 | Defendants' "Pay" Records | |
| D-1 | Defendants' Amended Answer | |
| D-2 | Defendants' Pay and Time Records | |

_____/s/_____                    _____/s/_____

Sara Isaacson, Esq.                            Lawrence Figowe Morrison, Esq.
Michael Faillace & Associates, P.C.            Morris Tenebaum, PLLC
60 East 42nd Street                            87 Walker Street, Floor 2
Suite 4510                                     New York, NY 10013
New York, New York 10165                       212-620-0938
212-317-1200                                   Email: morrlaw@aol.com
Fax: 212-317-1620
Email: sisaacson@faillacelaw.com
*Attorneys for Plaintiffs*


So Ordered:

_____
Hon. George B. Daniels, U.S.D.J.